# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA ROY ALBRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEO GROUP, et al., ) <br> ) <br> Defendant. ) | Case No. CIV-23-00976-PRW |

## ORDER

Before the Court is United States Magistrate Judge Amanda Leigh Maxfield's Report and Recommendation (Dkt. 41), which recommends that the Court deny Defendant Emily Timm's Motion to Dismiss (Dkt. 26). Timm timely objected (Dkt. 47), and Plaintiff Joshua Roy Albright responded to Timm's Objection (Dkt. 50). For the reasons given below, the Court **ADOPTS** Judge Maxfield's Report and Recommendation (Dkt. 41).

*Background*

Albright, an inmate incarcerated at the Lawton Correctional and Rehabilitation Facility, brings an Eighth Amendment claim against Health Services Administrator Emily Timm in her individual capacity, alleging that she was deliberately indifferent to his broken hand by delaying treatment. Timm filed a motion to dismiss on September 23, 2024, arguing that Albright failed to (1) exhaust his administrative remedies; (2) allege that Timm was personally involved in any constitutional violation; and (3) assert facts that establish an Eighth Amendment violation. In accordance with Rule 12(d), Judge Maxfield construed

1

the first and third arguments as motions for summary judgment, and she recommends that the Court deny the Motion.

*Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] An objection is "proper" if it is both timely and specific.[2] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[3] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[4] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[5]

*Analysis*

Timm's Objection primarily rehashes theories raised in her Motion to Dismiss. First, she objects to Judge Maxfield's conclusion that Lawton Correctional and Rehabilitation Facility officials made the grievance process unavailable to Albright.[6] But Timm offers no

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.* (citation and internal quotation marks omitted).

[4] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[5] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[6] *Compare* Mot. to Dismiss (Dkt. 26), at 2–3, *with* Obj. (Dkt. 47), at 1–2.

justification for her position beyond reasserting arguments she raised in her Motion to Dismiss. She has therefore failed to specifically identify any legal or factual errors committed by Judge Maxfield regarding this issue.[7] Next, Timm objects to Judge Maxfield's conclusion that genuine issues of material fact preclude summary judgment on Albright's claim. Timm begins by reasserting her theory that Albright has not shown substantial harm because he has not shown that he suffered a permanent injury.[8] But as Judge Maxfield found, Albright need not show a permanent injury from delay in care, "because a reasonable jury could find that he endured considerable pain due to the delay in medical care."[9]

Timm only raises one specific objection: that Judge Maxfield's analysis regarding the timing of Albright's treatment "fail[ed] to account for the undisputed facts that [Albright] was examined and treated by a registered nurse two days after the reported injury, received x-ray studies on two occasions which were followed up by [a physician's] exam, and referral to Lindsay Municipal Hospital."[10] But these facts (which are fully

---

[7] *Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) (finding that objections were nonspecific where they "did not specifically address any of the magistrate judge's conclusions" but instead "merely reargued, in the most general fashion, the merits of his claims" (citing *One Parcel of Real Prop.*, 73 F.3d at 1060)). Regardless, whether reviewing for clear error or conducting de novo review, the Court would reach the same conclusions as contained in the Report and Recommendation.

[8] *Compare* Mot. to Dismiss (Dkt. 26), at 7–8) *with* Obj. (Dkt. 47), at 4.

[9] R. & R. (Dkt. 41), at 18 (first citing *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019); and then *Sellers v. Holcomb*, No. CIV-06-1249-R, 2009 WL 233360, at *5 (W.D. Okla. Jan. 30, 2009)).

[10] Obj. (Dkt. 47), at 4.

detailed in the Report and Recommendation),[11] do not undermine Judge Maxfield's observation that Albright "was not examined by a physician until . . . fifty-one days after his injury and twenty-two days after notifying Defendant Timm of his injury through a Request to Staff."[12] Having reviewed the record *de novo*, the Court agrees with Judge Maxfield that a reasonable jury could infer that Timm was deliberately indifferent to Albright's injury by failing to timely refer him to medical personnel capable of examining and treating the broken bone. Timm also argues that Albright has presented no evidence that Timm intentionally denied or delayed his access to medical care. But on a motion for summary judgment, it is the moving party's initial burden to show no genuine issue of material fact.[13] Timm has not done so here.[14]

The Court reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[15] Finding none, the Court concurs with Judge Maxfield's well-reasoned conclusions and analysis.

### *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 41) and **DENIES** Timm's Motion to Dismiss (Dkt. 26).

---

[11] R. & R. (Dkt. 41), at 3–4.

[12] *Id.* at 17.

[13] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing Fed. R. Civ. P. 56(c)).

[14] Judge Maxfield's Report and Recommendation does not, as Timm suggests, second-guess Albright's treating physician's judgment. Rather, it correctly concludes that genuine issues of material fact as to Timm's conduct precludes summary judgment.

[15] *Summers*, 927 F.2d at 1167–68.

**IT IS SO ORDERED** this 7th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE